UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. SMALL, | No.  2:18-cv-0913 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. ZAHED AHMED, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or paid the filing fee for this action.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Venue of this action is technically appropriate in the Eastern District of California because Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation

1

("CDCR") resides in this district.  Nevertheless, the court is transferring this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a) in the interests of justice for the following reasons.

Plaintiff included no charging allegations as to Kernan.  Moreover, because plaintiff's allegations pertain to the medical care he received (or did not receive) at Soledad State Prison, it is likely that any allegation as to Secretary Kernan would be solely in a respondeat superior capacity.  Additionally, plaintiff is seeking monetary damages only and has not stated a claim for injunctive relief.  As such, CDCR Secretary Kernan is subject to dismissal from this 42 U.S.C. § 1983 action.  Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Venue would then be improper in this district because no defendant would be found here.  Venue would also be improper because the claims for which plaintiff seeks relief took place in the Northern District.  Thus, it is appropriate that those claims be litigated in that district.

IT IS THEREFORE ORDERED that this action is transferred to the Northern District of California.

Dated:  April 20, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smal0913.21c

2