UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. SMALL, JR., <br>     Plaintiff, <br> v. <br> DR. ZAHED AHMED, et al., <br>     Defendants. | Case No. 18-02546 BLF (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING PENDING MOTION** <br><br><br> (Docket No. 13) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical officials at the California State Prison – Soledad.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

---

[1] The matter was transferred in from the Eastern District of California, (Docket No. 5), and later reassigned to this Court. (Docket Nos. 11 & 12.)

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     **Plaintiff's Claims**

Plaintiff claims that in February 2010, he started having medical problems related to inflammation and ulcers in the lignin of the large intestine and rectum. (Compl. at 3, Docket No. 1.) After months of delay and complaining of inadequate treatment, he received two surgeries in November 2011 and January 2012, when his large intestine and a portion of his rectum were removed without his consent. (*Id.*) Plaintiff only refers to a "Doctor" whom he claims the CDCR is covering up for and fails to identify him by name. (*Id.*)

Plaintiff claims that in 2012, he underwent another surgery after many delays and all the wrong medications due to "clear neglect and 'deliberate indifference to my serious needs'" by Defendant Dr. Zahed Ahmed and the Chief Medical Officer who are employed at CSP. Plaintiff claims Defendants employed incompetent staff who were unable to examine him or diagnose his illness, delayed treatment, and refused to refer him to other physicians that could treat or diagnose his condition in a timely manner. (*Id.* at 4.) Plaintiff claims he "suffer[s] on a daily basis due to the negligence of medical staff and Dr. Zahed Ahmed." (*Id.*) Lastly, Plaintiff claims his right to due process was violated based on Defendants' failure to respond to a complaint he filed against them. (*Id.* at 5.)

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*,

2

429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff fails to identify the "Doctor" who was allegedly responsible for the surgeries that removed his large intestine and part of the rectum without his consent. Nor does Plaintiff identify where the surgeries took place or where the "Doctor" is employed. Accordingly, he fails to allege sufficient facts to proceed on this claim. Plaintiff shall be granted leave to amend to attempt to state sufficient facts to pursue this claim, which requires that he provide the first and last name of the Doctor, the location where the underlying actions took place, and sufficient facts to establish the two elements necessary to state a deliberate indifference claim.

With respect to his claims against Defendants Ahmed and the Chief Medical Officer at CSP, Plaintiff repeatedly alleges negligence with respect to his care. *See supra* at 2. However, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th

3

Amendment rights). Accordingly, any negligence claim must be dismissed for failure to state a claim. Furthermore, Plaintiff has failed to allege sufficient facts to state an Eighth Amendment deliberate indifference claim. Assuming Plaintiff had a sufficiently serious medical need to establish the first element, he has alleged no specific facts to satisfy the second element, i.e., that Defendants were aware that he faced a substantial risk of serious harm and yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. Plaintiff shall be granted leave to amend to attempt to state sufficient facts to establish a deliberate indifference claim against these Defendants. Plaintiff is also advised that he should attempt to identify the name of the Chief Medical Officer in order for service to be unhindered.

The Court also notes that Plaintiff names Scott Kernan, the Secretary of the CDCR, as a defendant in this action but has alleged no specific facts against this Defendant. In filing an amended complaint, Plaintiff may attempt to state a claim against Defendant Kernan but must keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Lastly, Plaintiff's due process claim fails to state a claim because due process is not violated by Defendants' failure to respond to a notice of complaint. That is a matter for Plaintiff to pursue in the court which is handling that action. Accordingly, this due process

4

claim is DISMISSED for failure to state a claim for relief.

**C.** <u>**Request for Status and Consent**</u>

Plaintiff has filed a request for status and consent to video recording of hearing. (Docket No. 13.) This request is DENIED as moot with the issuance of this order. Plaintiff also requests an order of default against Defendants, but since the Court has not ordered service of the matter, they are not in default. Accordingly, that request is also denied.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint **using the court's form complaint** to state sufficient facts to state a deliberate indifference claim as described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-02546 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form complaint in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 13.

**IT IS SO ORDERED.**

Dated: September 20, 2018

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge