UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. SMALL, JR., <br> Plaintiff, <br> v. <br> DR. ZAHED AHMED, et al., <br> Defendants. | Case No. 18-02546 BLF (PR) <br><br> **ORDER OF DISMISSAL** |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical officials at the California State Prison – Soledad. After an initial screening, the Court dismissed the complaint with leave to amend for Plaintiff to attempt to allege sufficient facts to state an Eighth Amendment deliberate indifference claim. (Docket No. 15.) Plaintiff filed an amended complaint. (Docket No. 16, hereinafter "Am. Compl.")

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff claims that on or about February 10, 2010, he began requesting medical care for blood in his stool and continued to make repeated requests through April 6, 2010. (Am. Compl. at 3.) Plaintiff claims that Dr. Zahed Ahmed was "fully negligent" due to the many delays to treat him in a timely manner. (*Id.*) Plaintiff claims Dr. Mark Palmer, the surgeon who is also named as a defendant, indicated that Dr. Ahmed was "negligent" because of the 21 months of delay in treatment. (*Id.*) Plaintiff otherwise makes no specific allegations of wrongdoing against Dr. Palmer. Plaintiff seeks damages for the delay in treatment resulting in "life long damage." (*Id.*)

Plaintiff has already been advised that a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights). The Court stated that "any negligence

2

claim must be dismissed for failure to state a claim." (Docket No. 15 at 3-4.) This negligence claim the only one raised in this action, and must be dismissed for failure to state a claim.

Based on the foregoing, the amended complaint is DISMISSED without leave to amend because Plaintiff was already afforded one opportunity to amend and the Court finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated: March 25, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.18\02546Small_dism(ftsac)

3